UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILTEL COMMUNICATIONS, LLC, and LEVEL 3 COMMUNICATIONS, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 13-CV-0108-CVE-FHM ) |
| SHERWOOD CONSTRUCTION CO., INC., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is defendant Sherwood Construction Co., Inc.'s (Sherwood) Motion to Transfer. Dkt. # 10. Defendant argues that the case should be transferred to the Western District of Oklahoma because venue is improper in the Northern District of Oklahoma and based on forum non conveniens.

**I.**

Plaintiffs WilTel Communications, LLC (WilTel) and Level 3 Communications, LLC (Level 3) filed their complaint in the Northern District of Oklahoma alleging three claims: trespass, negligence, and strict statutory liability. Dkt. # 2. WilTel and Level 3 are incorporated in Delaware, with principal places of business in Broomfield, Colorado. Id. at 1. Sherwood is a Kansas corporation with its principal place of business in Wichita, Kansas. Id.

Level 3 installed two manholes and a fiber-optic cable in a right-of-way of Interstate 40 in Oklahoma City, Oklahoma. Id. at 2. Sherwood was excavating on the north side of Interstate 40, and Level 3 alleges that Sherwood, while excavating, damaged Level 3's fiber-optic cable. Id. at 3.

## II.

Sherwood argues that venue is improper in the Northern District of Oklahoma and that, based on forum non conveniens, the case should be transferred to the Western District of Oklahoma. Dkt. # 10. The Court first notes that, despite alleging that the Northern District of Oklahoma is an improper venue, Sherwood fails to make any argument in support of that contention. Instead, Sherwood argues that the Western District is a proper forum and that the case should be transferred to the Western District. In its answer, Sherwood denies that venue is proper in the Northern District; however, Sherwood's answer is limited to a denial and a demand of proof of venue. Dkt. # 11, at 1.[1]

Under 28 U.S.C. § 1391(d), in a state with multiple judicial districts, a corporation is deemed a resident of any district in which "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." And, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Sherwood fails to state why the Northern District is an improper venue. However, Sherwood states that it has an office in Tulsa County, which is in the Northern District. Dkt. # 10, at 1. Sherwood does not allege that such contacts would be insufficient to subject it to personal jurisdiction in this district, "if [this] district were a separate State." 28 U.S.C. § 1391(d). Therefore, Sherwood has sufficient contacts to subject it to personal jurisdiction in the Northern District of Oklahoma, if this district were a separate state, and the Court finds that venue is proper in the Northern District of Oklahoma.

---

[1] Sherwood has not challenged, and the Court will not address, the Court's jurisdiction to hear the case. However, the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

Although Sherwood is correct that venue would also have been proper in the Western District of Oklahoma, that is not dispositive. Venue may be proper in multiple districts, and "a plaintiff may choose between" those districts. Leroy v. Great W. United Corp., 443 U.S. 173, 185 (1979).

Second, Sherwood argues that the case should be transferred to the Western District of Oklahoma based upon forum non conveniens.[2] In a diversity action, federal courts apply the federal law of forum non conveniens. Rivendell Forest Prods, Ltd. v. Canadian Pacific Ltd., 2 F.3d 990, 992 (10th Cir. 1993). The doctrine of forum non conveniens allows a federal district court to dismiss an action "on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy." Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 425 (2007). The defendant has the burden of showing that the doctrine applies. A "defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." Id. at 423. However, when the "plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is then 'less reasonable.'" Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)); see also Gschwind v. Cessna Aircraft Co., 161 F.3d 602, 606 (10th Cir. 1998) (a "foreign plaintiff's choice of forum . . . warrants less deference").

There are two threshold inquiries in the doctrine of forum non conveniens:

[F]irst, whether there is an adequate alternative forum in which the defendant is amenable to process, . . . and second, whether foreign law applies . . . . If the answer to either of these questions is no, the forum non conveniens doctrine is inapplicable.

---

[2] Sherwood does not cite either 18 U.S.C. §1404 or §1406 as a basis for its motion to transfer. Instead, Sherwood's motion is based entirely on forum non conveniens. For that reason, the Court's analysis will be limited to forum non conveniens.

3

> If, however, the answer to both questions is yes, the court goes on to weigh the private and public interests bearing on the forum non conveniens decision.

Gschwind, 161 F.3d at 605-06 (citations omitted).

First, the court must determine whether an adequate alternative forum exists. Piper Aircraft, 454 U.S. at 255; see also Gschwind, 161 F.3d at 606 ("defendant bears the burden of proving that an adequate alternative forum exists"). "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." Piper Aircraft, 454 U.S. at 255 (quoting Gulf Oil Co. v. Gilbert, 330 U.S. 501, 507 (1947)). Often, the defendant invoking forum non conveniens consents to jurisdiction in the suggested alternate forum. See Gschwind, 161 F.3d at 606. Even if a defendant consents to jurisdiction, the alternative forum is not adequate if it is "clearly unsatisfactory." Piper Aircraft, 454 U.S. at 255. For example, a foreign forum is not adequate if it "does not permit litigation of the subject matter of the dispute." Id.

Sherwood states that all of the alleged events giving rise to plaintiffs' claims occurred in the Western District. Dkt. # 10, at 2. Further, Sherwood would be amenable to process in the Western District because it has an office there. The Court finds that the first threshold inquiry is satisfied: the Western District of Oklahoma is an available and adequate alternative forum.

The second threshold inquiry is whether foreign law applies. If domestic law applies, forum non conveniens is inapplicable. Gschwind, 161 F.3d at 605; Rivendell, 2 F.3d at 993 n.4. A federal district court assessing forum non conveniens in a diversity case applies the choice of law rules of

4

the state in which it sits. Piper Aircraft, 454 U.S. at 244 (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)).[3]

Here, both possible venues are in Oklahoma. The underlying actions giving rise to the claims occurred in Oklahoma. Thus, foreign law would not apply and forum non conveniens is inapplicable. Gschwind, 161 F.3d at 605; Rivendell, 2 F.3d at 993 n.4. Therefore, the Court finds that the case should not be transferred to the Western District of Oklahoma.

**IT IS THEREFORE ORDERED** that defendant Sherwood Construction Co., Inc.'s Motion to Transfer (Dkt. # 10) is **denied**.

**DATED** this 18th day of March, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3]   In its motion, Sherwood correctly cites the two-prong threshold inquiry for a forum non conveniens analysis; however, Sherwood fails to address why foreign law would apply to this case.